| | |
|---|---|
| WESTERMAN BALL EDERER MILLER | Hearing Date: November 15, 2013 |
| & SHARFSTEIN, LLP | Time: 10:00 a.m. |
| 1201 RXR Plaza | |
| Uniondale, New York 11556 | |
| (516) 622-9200 | |
| Thomas A. Draghi, Esq. | |
| Mickee M. Hennessy, Esq. | |

*Counsel to HSBC Bank USA, National Association*
*As Trustee For Nomura Asset Acceptance Corporation*
*Mortgage Pass-Through Certificates, Series 2006-AF2*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
In re:

| | |
|---|---|
| PRADEEP THAKUR and | Chapter 7 |
| JENNIN C. THAKUR, | Case No. 10-23967 (RDD) |
| Debtors. | |

-------------------------------------------------------- X

**RESPONSE AND RESERVATION OF RIGHTS OF DEFENDANT HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR NOMURA ASSET ACCEPTANCE CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AF2, TO THE CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING THE SALE OF REAL PROPERTY KNOWN AS 3 HERALD COURT, VALLEY COTTAGE, NEW YORK, SUBJECT TO HIGHER OR BETTER OFFERS AND FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES AND GRANTING RELATED RELIEF**

Defendant HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR NOMURA ASSET ACCEPTANCE CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AF2 ("HSBC"), by its undersigned counsel, in response to the Chapter 7 Trustee's Motion (the "Motion") for Order Authorizing the Sale of Real Property known as 3 Herald Court, Valley Cottage, New York (the "Property"), Subject to Higher or Better Offers and Free and Clear of all Liens, Claims and Encumbrances and Granting Related Relief, states as follows:

**Preliminary Statement**

1.      As discussed more fully below, HSBC does not object to the sale of the Property for the sale price of $265,000 as proposed by the Motion and the attachments thereto, or to the payment of ordinary, reasonable closing costs attendant with the sale, including any commission awarded to the duly retained real estate broker, provided that (a) all existing liens, claims and encumbrances attach to the net proceeds of sale in order of their priority; (b) the net proceeds of sale be held by the Trustee and not be distributed until there is a final judicial determination or settlement concerning the validity, priority and amount of the alleged liens, claims, defenses and cross-claims asserted by HSBC and the Trustee against the Property and subsequent net proceeds of sale in the Adversary Proceeding; (c) the sale be without prejudice to all rights, claims, defenses and cross-claims asserted by HSBC and the Trustee in the Adversary Proceeding concerning the validity, priority and amount of HSBC's liens and claims against the Property and subsequent net proceeds of sale, which are expressly reserved by the parties; and (d) the Court grant a replacement lien in the proceeds of sale pursuant to Section 363(e) of the Bankruptcy Code to HSBC to the extent HSBC is ultimately determined to hold a first priority lien against the Property and subsequent proceeds of sale (collectively, the "Conditions to Sale").

2.      As set forth in, among other places, HSBC's timely filed proof of claim in the Debtors' bankruptcy case and as acknowledged by the Trustee, HSBC has asserted that it has a valid, first priority mortgage encumbering the Property.  The Trustee disputes HSBC's position and commenced an adversary proceeding titled *Jil Mazer-Marino as Chapter 7 Trustee v. S.J.B.P. et al.,* Adv. Pro. 11-08215 (RDD) (the "Adversary Proceeding"), which, *inter alia*, challenges the validity and priority of HSBC's asserted lien.  HSBC asserted defenses in the Adversary Proceeding and also

cross-claimed against co-defendants David A. Cantor and Baron Associates (together, "Cantor Baron"), asserting, among other things, that HSBC's liens also have priority over Cantor Baron's alleged liens against the Property. While the Trustee recently obtained a determination in the Adversary Proceeding that the liens asserted by Cantor Baron could be avoided and preserved for the benefit of the estate, that determination was just further appealed by Cantor Baron to the United States Court of Appeals for the Second Circuit. As such, based on these recent developments, contrary to the Trustee's Motion, the issues concerning Cantor Baron's alleged liens have not yet been finally determined.

3. Further, there are still pending unresolved disputes as to whether HSBC's liens had and have priority over Cantor Baron's position, and whether HSBC's liens had and have priority over the Trustee's position as a hypothetical lien creditor. These issues are the subject of the still pending Adversary Proceeding. It was made clear in the pleadings and on the record of the hearing on the Trustee's summary judgment motion as against Cantor Baron that the disposition of that motion did not address HSBC's rights and remedies with respect the Property or its liens and priorities thereto – particularly since the summary judgment motion did not seek a determination of the Trustee's claims for relief asserted as against HSBC in Plaintiff's First Amended Complaint, or the arguments raised by HSBC's Fourth Cross-Claim against Cantor Baron. It is simply not necessary or appropriate at this time to try and end-run the remainder of the pending Adversary Proceeding and somehow declare that the estate has a first priority position against the Property ahead of HSBC. That is still in dispute.

4. Indeed, the issues between the Trustee and HSBC on the one hand, and HSBC and Cantor Baron on the other, have been held in abeyance pending a final disposition of the Trustee's summary judgment motion against Cantor Baron. The Trustee and HSBC were close to reaching a settlement prior to the summary judgment having been filed, however, it contemplated Cantor Baron

3

being part of the settlement. When Cantor Baron refused to settle, the Trustee proceeded with her summary judgment motion against those defendants. Given that the parties were and still remain hopeful that an amicable resolution of the remaining issues in the Adversary Proceeding can be achieved if the Trustee ultimately prevails against Cantor Baron, in an effort to avoid unnecessary litigation costs, it has and continues to make sense to hold the other matters in the Adversary Proceeding in abeyance for now. However, to be clear, notwithstanding any statements in the Trustee's Motion to the contrary, any final determination of the Trustee's summary judgment motion against Cantor Baron will not be dispositive of HSBC's claims against the Trustee or cross-claims against Cantor Baron, which are still pending.

5. HSBC believes that if its issues are not amicably resolved, it will ultimately be found to have a first priority position against the Property and subsequent proceeds of sale. Accordingly, as set forth above, HSBC does not oppose the sale contemplated in the Motion, provided that Conditions to Sale are included in any order approving the sale. HSBC respectfully submits this represents a reasonable balance between the needs of the Trustee to liquidate the Property without further risk of deterioration, without undue prejudice to HSBC pending a final determination of its priority in the context of the Adversary Proceeding. As it did in the context of the Trustee's motion for summary judgment against Cantor Baron in the Adversary Proceeding, HSBC again respectfully reserves its rights and remedies to raise any and all defenses, claims, cross-claims and objections to Plaintiff's claims for relief asserted as against HSBC.

6. Finally, HSBC notes that the Debtors have recently filed a response and request for relief seeking, among other things, to remain in the Property in exchange for payment of "fair market rent," either through the end of their local school year or, alternatively, through the end of this year. HSBC objects to this requested relief to the extent it chills or scuttles the sale that the Trustee has

4

obtained. While HSBC is sympathetic to the physical ailments identified by the Debtors in the Motion, the Debtors defaulted on the indebtedness due to HSBC prior to the Petition Date (defined below) and have been residing in the Property without payment of debt service or rental amounts for over three (3) years.

7. Accordingly, if the Conditions to Sale set forth above are acceptable and included in any order approving the sale, HSBC consents to the sale thereby satisfying Section 363(f)(2), with there being no further need for the Court to reach findings and conclusions that may overlap the pending issues in the Adversary Proceeding.

## BACKGROUND[1]

8. On September 22, 2010 (the "Petition Date") debtors Pradeep and Jennin Thakur (the "Debtors") filed their voluntary Chapter 7 bankruptcy case. As of the Petition Date, the Debtors listed the Property as their primary residence, but as owned by a wholly owned holding company called S.J.B.P. Inc. The Debtor's petition as of the Petition Date also acknowledged the first and second mortgages held by HSBC encumbering the Property, along with a mortgage held by Cantor Baron encumbering the Property. As acknowledged by the Trustee in the Motion, as of the Petition Date, county records also identified the HSBC mortgages and the Cantor Baron mortgage as encumbrances against the Property as of the Petition Date.

9. The Trustee commenced the Adversary Proceeding seeking, among other things, to (a) avoid the transfer of the Property from the Debtors to S.J.B.P. Inc. as a fraudulent transfer, for no consideration; (b) avoid the Cantor Baron mortgage as having been extended at a time when Cantor Baron knew or should have known that the transfer of the Property to S.J.B.P. was fraudulent; and (c) avoid the HSBC Mortgages for alleged title irregularities.

---

[1] The following is a summary of some of the pertinent facts for purposes of the Motion, familiarity with the facts and circumstances of the Debtor's bankruptcy case and the Adversary Proceeding are assumed.

5

10. During the pendency of the Adversary Proceeding, the Trustee prepared and filed a consent judgment which effectively undid the transfer from the Debtors to S.J.B.P. After a period of discovery and extended attempts to come to an amicable solution among the Trustee, Cantor Baron and HSBC failed, on July 6, 2012, the Trustee moved for summary judgment as against Cantor Baron only (the "Summary Judgment Motion"). It was expressly understood that the Summary Judgment Motion only resolved claims by the Trustee against Cantor Baron and not the other claims or cross-claims in the Adversary Proceeding.

11. On September 25, 2012, this court ruled in favor of the Trustee and granted her summary judgment as against Cantor Baron, avoiding their mortgage. Cantor Baron appealed. On September 30, 2013, the United States District Court for the Southern District of New York affirmed this Court's decision on the Summary Judgment Motion. During the pendency of this Motion, on October 29, 2013, Cantor Baron filed a further appeal to the United States Court of Appeals for the Second Circuit. That appeal is now pending.

12. On November 5, 2013, the Debtors filed an Objection to the Motion (the "Debtors' Objection"). The Debtors' Objection asserts that Mr. Thakur has suffered severe health conditions and requests three alternative forms of relief: (a) that the Debtors be allowed to reside in the Property until the end of the 2013/2014 school year in exchange for fair market value rent; (b) that Debtors be allowed to reside in the Property until December 31, 2013; or (c) that the Debtors have a minimum of forty-five (45) days to vacate the Property. Debtors' Objection at ¶7.

13. The Trustee filed this Motion to sell the Property for $265,000, subject to higher and better offers. The Trustee seeks approval of her Motion pursuant to Sections 363(f) (2), (3) and (5) [sic]. Motion, at pp. 9-11.[2] As demonstrated below, provided that the above-defined Conditions of

---

[2] Although the Trustee refers to 363(f)(5), see Motion at p. 36, it appears that the Trustee is arguing that the sale can be approved because HSBC's liens allegedly are the subject of a bona fide dispute, pursuant to 11 U.S.C. §363(f)(4).

6

Sale are included in an order approving the Motion, HSBC consents to the sale, and this Court can approve the Motion pursuant to Bankruptcy Code Section 363(f)(2). To the extent that the Trustee seeks a determination in this Motion of HSBC's priority over Cantor Baron's liens (which the Trustee asserts were avoided but preserved for the benefit of the Debtors' estate) and/or the Trustee as a hypothetical lien holder, HSBC respectfully submits that such relief should be denied in the context of this Motion, as it undermines the pending Adversary Proceeding and constitutes the kind of relief that should be determined in the context of an adversary proceeding, not as a collateral determination on a sale motion.

## ARGUMENT

14. Section 363(b) of the Bankruptcy Code provides, in relevant part that, after notice and a hearing, trustee "may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b). Section 363(f) provides alternative bases for the sale of property free and clear of all liens. Thus, such a sale can be approved if:

1) Applicable nonbankruptcy law permits the sale of such property free and clear of such interest;
2) Such entity consents;
3) Such interest is a lien and the price at which such property is greater than the aggregate value of all liens on such property;
4) Such interest is in a bona fide dispute; or
5) Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. §363(f)(1)-(5).

15. Section 363(e) provides, in pertinent part, that, "[n]otwithstanding any other provision of this section, at any time on request of an entity that has an interest in property used, sold or leased, or proposed to be used, sold or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. §363(e).

7

16. First, as indicated above, provided that the sale is conditioned on the Conditions of Sale, HSBC <u>does</u> consent to the sale and this Court need go no further – the Motion as conditioned can be approved pursuant to section 363(b)(2) (absent other expressions of refusal to consent by other lienholders, if any).

17. Second, the current circumstances of this case underscore the need for adequate protection to HSBC in the form of the proposed Conditions of Sale pending a resolution of the issues which are being litigated in the Adversary Proceeding. Indeed, in light of the recent appeal filed by Cantor Baron during the pendency of this Motion, conditioning approval of the sale on the Conditions of Sale provides a fair balance of the needs of the Trustee to liquidate the Property with the protection of the asserted lienholders to the proceeds of the sale. Courts have conditioned approval of the sale of assets with proceeds held in escrow where, as here, a claimant has asserted an interest in such assets, to prevent such claimant from being prejudiced. *See, In re Balco Equities, Ltd., Inc.,* 323 B.R. 85, 92 (Bankr. S.D.N.Y. 2005) (permitting trustee to sell land free and clear of purported liens with proceeds to be held in escrow pending resolution of adversary proceeding addressing the claimant's asserted interest), *citing In re DVI, Inc.,* 306 B.R. 496, 504 (Bankr. D.Del. 2004). Either the Adversary Proceeding will finally determine the rights and priorities of liens as against the Property (or the proceeds of sale) or the parties will come to an amicable resolution of those issues.

18. With respect to the Debtors' Objection, HSBC objects to the relief requested therein to the extent that it attempts to undermine the sale that the Trustee has obtained or chills the ability of the Trustee to otherwise sell the Property. While HSBC is sympathetic to the physical ailments identified by the Debtors in the Motion, as identified in HSBC's timely filed proof of claim, the Debtors were in default of their obligations to HSBC when the Debtors filed their bankruptcy case,

8

and they have been residing in the Property without payment of debt service or rental amounts for over three (3) years. Of course, if an agreement can be made among the Trustee and the Debtors that will enable the Debtors to remain in possession for a short period of time and then vacate the Property without incident, that result would be acceptable to HSBC as long as it does not derail the sale.

19. Finally, while HSBC believes that the Trustee will ultimately prevail as against Cantor Baron on the Summary Judgment Motion, HSBC notes that it strongly believes it has, and will be determined to have, priority over the Cantor Baron mortgage in any event. Among other reasons, just as this Court found that Cantor Baron was on inquiry notice of the existence of facts that indicated that the conveyance of the Property from S.J.B.P. was a fraudulent transfer, HSBC believes it will ultimately prevail in demonstrating that Cantor Baron was on inquiry notice of the existence of facts demonstrating that the Property was encumbered by HSBC's mortgages. *See, e.g.*, *Astoria Federal Savings & Loan v. June,* 190 A.D.2d 644, 593 N.Y.S.2d 250 (N.Y. 2nd Dep't 1993) (granting mortgagee's motion for summary judgment against purchaser and second mortgagee, finding that such parties had constructive notice of existence of mortgage lien), *citing Eltman v. Harvey,* 93 Misc.2d 634, 403 N.Y.S.2nd 428; *Andy Assoc. v. Bankers Trust Co.,* 49 N.Y.S.2d 13, 424 N.Y.S.2nd 139; *HSBC Mortgage Services, Inc. v. Alphonso*, 58 A.D.3d 598, 874 N.Y.S.2d 131 (N.Y. 2d Dep't 2009) (affirming summary judgment for mortgagee, holding that intended purchaser had a duty of inquiry and constructive notice of mortgage).

20. Perhaps more importantly, HSBC believes that the Trustee acting on behalf of the estate was and is on notice of the existence of HSBC's mortgages on the Property, such that the actual or constructive notice of HSBC's liens on the Property prevents the Trustee from asserting "bona fide purchaser" status or otherwise avoiding HSBC's liens as well. *See, e.g., Stern v.*

9

*American Home Mortgage Servicing, Inc. (In re Asher)*, 488 B.R. 58 (Bankr. E.D.N.Y. 2013) (holding that, where mortgage was recorded in the chain of title prior to the Debtor's chapter 7 filing, trustee had constructive notice of the mortgagee's lien and could not avoid such lien); *O'Connell v. JPMorgan Chase Bank National Association*, 2012 WL 6151972 (E.D.N.Y. December 11, 2012) (affirming denial of Trustee's motion to avoid mortgage and dismissing complaint, finding that the Trustee had constructive notice of defendant's mortgage), *citing cases*.

## CONCLUSION

21.    For the foregoing reasons, HSBC respectfully requests that any approval of the Motion be conditioned on the Sale Conditions outlined above, and that this Court grant such other and further relief as this Court deems necessary and proper.

Dated: Uniondale, New York
       November 7, 2013

WESTERMAN BALL EDERER MILLER
& SHARFSTEIN, LLP

By:  /s/ Mickee M. Hennessy
     Thomas A. Draghi, Esq.
     Mickee M. Hennessy, Esq.
     1201 RXR Plaza
     Uniondale, New York 11556
     (516) 622-9200
     *Attorneys for Defendant*
     *HSBC Bank USA, National Association*
     *As Trustee For Nomura Asset Acceptance*
     *Corporation Mortgage Pass-Through*
     *Certificates, Series 2006-AF2*

00905658.DOCX