HEARING DATE AND TIME: NOVEMBER 15, 2013 at 10:00 a.m.

Jil Mazer-Marino, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194
Telephone: (516) 741-6565
Facsimile:  (516) 741-6706

*Counsel for Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 7 |
| PRADEEP THAKUR and<br>JENNIN C. THAKUR | 10-23967 (RDD) |
| Debtors. | |

-----------------------------------------------------------------X

**CHAPTER 7 TRUSTEE'S REPLY TO (1) DEBTORS' OBJECTION TO TRUSTEE'S
MOTION FOR ORDER AUTHORIZING THE SALE OF REAL PROPERTY; AND (2)
RESPONSE AND RESERVATION OF RIGHTS OF HSBC, NATIONAL
ASSOCIATION, AS TRUSTEE FOR NOMURA ASSET ACCEPTANCE
CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AF2
TO CHAPTER 7 TRUSTEE'S SALE MOTION**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Jil Mazer-Marino, the chapter 7 trustee (the "**Trustee**") for Pradeep Thakur and Jennin C. Thakur (the "**Debtors**"), through her counsel, Meyer, Suozzi, English & Klein, P.C., as and for her reply to the: *(1) Affirmation in Objection to the Chapter 7 Trustee's Motion for Sale of Property*, [Dkt. No. 63] (the "**Debtors' Objection**"), *filed on behalf of the Debtors; and (2) Response and Reservation of Rights of Defendant HSBC, National Association, as Trustee for Nomura Asset Acceptance Corporation Mortgage Pass-Through Certificates, Series 2006-AF2 to the Chapter 7 Trustee's Motion for Order Authorizing the Sale of Real Property Known as 3*

*Herald Court, Valley Cottage, New York, Subject to Higher or Better Offers and Free and Clear of All Liens, Claims and Encumbrances and Granting Related Relief*, [Dkt. No. 66] (the "**HSBC Objection**"), hereby represents as follows:

A. **Reply to the Debtors' Objection**

(i) Background

2. On or about September 25, 2013, the Trustee filed and served the *Chapter 7 Trustee's Motion for Order Authorizing Sale of Real Property Known as 3 Herald Court, Valley Cottage, New York, Subject to Hither or Better Offers and Free and Clear of All Liens, Claims and Encumbrances and Granting Related Relief*, [Dkt. No. 61] (the "**Sale Motion**"). The Sale Motion seeks an order authorizing and approving the sale of the 3 Herald Court (the "**Property**"), which is the Debtors' residence to Ajay Arora and Amy Arora (the "**Buyers**").

3. By letter dated September 18, 2012, a copy of which is annexed hereto as part of Exhibit "A", the Debtors were informed the Property would be marketed and the Debtors would be required to vacate the Property upon sale of the Property.

4. On or about December, 22 2012, the Trustee was advised that Mr. Thakur suffered a heart attack and the Trustee ceased marketing the Property.

5. By letter dated March 18, 2013, the Trustee informed Debtors' counsel that the Trustee intended to resume marketing and asked whether restrictions on marketing would be required to avoid compromising Mr. Thakur's recovery. On March 22, 2013, Debtors' counsel advised that unrestricted marketing could resume. Copies of the March 18, 2013 and March 22, 2013 letters are attached hereto as part of Exhibit "A."

6. In addition to serving the Sale Motion on the Debtors, by letter dated September 25, 2013 (attached as part of Exhibit "A"), the Debtors were advised that they would be required to deliver possession of the Property prior to the November 15, 2013 hearing on the Sale Motion.

Several other communications were sent to Debtors' counsel requesting the date by which the Debtors would vacate the Property.

7. In or about November, 2013, Buyers counsel advised that, after closing the sale of the Property, the Buyers intended to commence an action in New York State court to dispossess the Debtors and requested that I serve a Notice to Quit upon the Debtors. A Notice to Quit was mailed to the Debtors on or about November 12, 2013.

(ii) The Debtors' Objection Should be Overruled

8. The Debtors' Objection requests an order of this Court allowing the Debtors to reside in the Property until the end of the school year, during which time the Debtors agree to pay fair market rent to the Buyers. Alternatively, the Debtors' Objection requests that the Debtors be allowed to reside in the Property until the end of the year and pay fair market rent, or, at a minimum, that the Debtors be granted thirty or forty five days to vacate the Property.

9. The Debtors' request for relief should be denied. The Debtors have known for over a year that they would need to move. However, the Debtors have not taken any steps to locate new housing. See Debtor's Objection at ¶ 8 ("[T]he Debtors are at a complete loss as to where to reside once they are ordered to vacate.) Given the Debtors' history, the Trustee has no basis to believe the Debtors will vacate the Property consensually regardless of how much time they are afforded.

10. Although the Debtors have offered to pay fair market rent, the purchase contract does not require the Buyers to rent the Property to the Debtors and imposing that condition on the Buyers could prompt them to terminate or seek to renegotiate the terms. Also, the Debtors' Objection does not indicate what fair market rent should be or whether the Debtors have the financial wherewithal to pay rent at all. Moreover, it is respectfully submitted that the relief requested is unnecessary. As set forth above, the Trustee believes that the Buyers intend to

3

commence an action in State court to dispossess the Debtors. To the extent, if any, the Debtors believe they need to reside in the Property after the sale closes, the Debtors may seek such relief in State Court.[1]

11.     The Trustee believes that if the relief requested in the Debtors' Objection is granted, the chapter 7 estate could be harmed because granting the relief could prompt the Buyers to delay closing or to refuse to close. Finding a buyer for the Property required almost a year of marketing. Finding another buyer could prove difficult because the Property is deteriorating and can be expected to deteriorate further as a result of winter weather.

12.     Based on the foregoing, the Trustee requests that the relief requested in the Debtors' Objection be denied.

B.    **Resolution of HSBC Objection**

13.     The Trustee and counsel for HSBC have conferred and the Trustee believes that the objection will be resolved through revisions to the proposed sale order. To the extent the HSBC Objection is not resolved, all rights are reserved to seek approval of the sale of the Property notwithstanding the HSBC Objection.

---

[1] If notice of the relief requested by the Debtors was not provided to the Buyers, granting the relief could violate the Buyers' due process rights because the relief requested impairs the Buyers' rights to possession of the Property. It appears from the Certificate of Service that the Debtors' Objection was not served on the Buyers or their counsel, Klose & Associates.

4

**WHEREFORE,** the Trustee respectfully requests entry of an order approving the sale of Property.

Dated:   Garden City, New York
         November 13, 2013

                                  MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

                              By:   /s/ *Jil Mazer-Marino*
                                   Jil Mazer Marino, Esq.
                             990 Stewart Avenue, Suite 300
                             P.O. Box 9194
                             Garden City, New York  11530-9194
                             Telephone (516) 741-6565
                             *Counsel for the Chapter 7 Trustee*

# EXHIBIT A

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

COUNSELORS AT LAW

ONE COMMERCE PLAZA
SUITE 1705
ALBANY, NEW YORK 12260
518-465-5551
FACSIMILE: 518-465-2033

1300 CONNECTICUT AVENUE, N.W.
SUITE 600
WASHINGTON, DC 20036
202-955-6340
FACSIMILE: 202-223-0358

990 STEWART AVENUE, SUITE 300
P.O. BOX 9194
GARDEN CITY, NEW YORK 11530-9194
516-741-6565
FACSIMILE: 516-741-6706
E-MAIL: meyersuozzi@msek.com
WEBSITE: http://www.msek.com

1350 BROADWAY, SUITE 501
P.O. BOX 822
NEW YORK, NEW YORK 10018-0026
212-239-4999
FACSIMILE: 212-239-1311

JIL MAZER-MARINO
CHAPTER 7 TRUSTEE

FILE COPY

September 18, 2012

VIA E-MAIL (scott@ugelllaw.com)
and FIRST CLASS MAIL

Scott B. Ugell
Ugell Law Firm, P.C.
24 South Main Street, Suite 100
New City, NY 10956-3541

    Re    In re Pradeep Thakur and Jenin C. Thakur (the "Debtors")
           Case No. 10-23967

Dear Mr. Ugell:

    I am the chapter 7 trustee for the above-referenced Debtors. This letter is to apprise you of important information regarding the property commonly known as 3 Herald Court, Valley Cottage, New York (the "Property").

    On August 30, 2012, the Bankruptcy Court granted my motion for summary judgment as against David A. Cantor and Baron Associates. The judgment against David A. Cantor and Baron Associates avoids their mortgage on the Property and preserves the mortgage lien or its value for the benefit of the Debtors' estate. As a result, there is equity in the Property for unsecured creditors and a sale of the Property is in the best interests of the Debtors' estate and creditors.

    Pursuant to Bankruptcy Code section 521, the Debtors are required to cooperate with the chapter 7 trustee so as to allow the trustee to perform its duties. Accordingly, I request that you inform the Debtors that the Property is going to be marketed and they are required to cooperate with the sale process. Also, please inform the Debtors, that they will be required to vacate the Property when it is sold.

    I intend to retain MYC & Associates, Inc. ("MYC") as real estate broker to market the Property. MYC will need access to the Property to show the Property to prospective purchasers. To that end, please provide me with the Debtor's contact information, which I will forward to MYC. MYC will contact the Debtors directly to schedule appointments to show the house.

Scott B. Ugell
Ugell Law Firm, P.C.
September 18, 2012
Page 2

      MYC will attempt to schedule appointments to avoid unnecessary inconvenience to the Debtors. Also, I will keep you apprised of the sale process and inform you if and when I accept an offer for sale so that your clients will have as much time as possible to vacate the Property.

      Thank you for your cooperation.

                            Very truly yours,

                            Jil Mazer-Marino

cc: Marc Yaverbaum (via e-mail my@myccorp.com)

JMM:tw

903948

# Theresa Weinstein

| | |
|---|---|
| **From:** | Theresa Weinstein |
| **Sent:** | Tuesday, September 18, 2012 12:49 PM |
| **To:** | 'scott@ugelllaw.com' |
| **Cc:** | 'my@myccorp.com'; Jil Mazer-Marino |
| **Subject:** | In re Pradeep Thakur Case No. 10-23967 |
| **Attachments:** | In re Thakur Letter to S. Ugell.pdf |

The attached letter is sent on behalf of Jil Mazer-Marino.

*Terry Weinstein*
Assistant to Andrew J. Turro, Esq.
and Jil Mazer-Marino, Esq.
Meyer, Suozzi, English & Klein, P.C.
990 Stewart Avenue, P.O. Box 9194
Garden City, New York  11530-9194
Tel:  516-741-6565, ext. 5738 or 516-592-5738 (direct)
Fax: 516-741-6706
tweinstein@msek.com

1

FILE COPY

# MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

COUNSELORS AT LAW

ONE COMMERCE PLAZA
SUITE 1705
ALBANY, NEW YORK 12260
518-465-5551
FACSIMILE: 518-465-2033

1300 CONNECTICUT AVENUE, N.W.
SUITE 600
WASHINGTON, DC 20036
202-955-6340
FACSIMILE: 202-223-0358

990 STEWART AVENUE, SUITE 300
P.O. BOX 9194
GARDEN CITY, NEW YORK 11530-9194
516-741-6565
FACSIMILE: 516-741-6706
E-MAIL: meyersuozzi@msek.com
WEBSITE: http://www.msek.com

1350 BROADWAY, SUITE 501
P.O. BOX 822
NEW YORK, NEW YORK 10018-0026
212-239-4999
FACSIMILE: 212-239-1311

JIL MAZER-MARINO
CHAPTER 7 TRUSTEE

March 18, 2013

**VIA E-MAIL (scott@ugelllaw.com)**
**and FIRST CLASS MAIL**

Scott B. Ugell
Ugell Law Firm, P.C.
24 South Main Street, Suite 100
New City, NY 10956-3541

    Re    In re Pradeep Thakur and Jenin C. Thakur (the "Debtors"), Case No. 10-23967

Dear Mr. Ugell:

I am the chapter 7 trustee for the Debtors.

As you know, I am selling the Debtors' house for the benefit of the chapter 7 estate. Based on your January 9, 2012 representation that Mr. Thakur suffered a heart attack, I ceased all marketing efforts.

I communicated with you to check on the Debtor's health (including my February 4, 2013 email, my February 21, 2013 voicemail, and my letter of February 25, 2013); however, you did not respond until after my fourth communication, which was my letter to you of March 4, 2013.

In our most recent phone conversation, you stated that you would confer with the Debtors and report to me regarding when the broker should show the house to avoid undue stress to Mr. Thakur. Over a week has gone by and you have not reported back.

Marketing efforts for the house must resume. I am receptive to guidelines for showing the property to minimize interference with the Debtor's recovery; however, I cannot accommodate the Debtors unless you communicate with me. In that connection, please forward to me the times of day and days of the week that the real estate broker should avoid for purposes of showing the house. Please respond by March 25, 2013.

Scott B. Ugell
Ugell Law Firm, P.C.
March 18, 2013
Page 2

  All rights are reserved to take all appropriate action should you fail to respond, including but not limited to seeking an order compelling the Debtors to cooperate or dispossessing the Debtors from the house.

              Very truly yours,

JMM/hs          Jil Mazer-Marino

cc: Marc Yaverbaum (via e-mail my@myccorp.com)

## Theresa Weinstein

| | |
|---|---|
| **From:** | Theresa Weinstein |
| **Sent:** | Monday, March 18, 2013 10:01 AM |
| **To:** | 'scott@ugelllaw.com' |
| **Cc:** | 'my@myccorp.com'; Jil Mazer-Marino |
| **Subject:** | In re Thakur letter to S. Ugell 3-18-13.pdf |
| **Attachments:** | In re Thakur letter to S. Ugell 3-18-13.pdf |

The attached letter is sent on behalf of Jil Mazer-Marino.

Terry Weinstein
Assistant to Andrew J. Turro, Esq.
and Jil Mazer-Marino, Esq.
Meyer, Suozzi, English & Klein, P.C.
990 Stewart Avenue, P.O. Box 9194
Garden City, New York  11530-9194
Tel:  516-741-6565, ext. 5738 or 516-592-5738 (direct)
Fax: 516-741-6706
tweinstein@msek.com

1



# Ugell Law Firm, P.C.

Scott B. Ugell, Esq.
Consumer Debtor Attorneys

151 North Main Street
2nd Floor
New City, New York 10956
Office: (845) 639-7011
Fax: (845) 639-7004
E-Mail: Scott@UgellLaw.com
Webpage: www.UgellLaw.com

---

March 22, 2013                                                  Sent Electronically and U.S. Mail

Jil Mazer-Marino
Trustee
Meyer, Suozzi, English & Klein, P.C.
Counselors at Law
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194

RE: In re Pradeep Thakur and Jenin C. Thakur (the "Debtors")
    Case No. 10-23967

Dear Ms. Mazer-Marino:

In reference to the matter stated above, and pursuant to your letter of March 18, 2013, please feel free to show Mr. Thakur's house.

If you have any questions, please do not hesitate to contact me.

Thank you.

Very truly yours,

SBU/dl

Scott B. Ugell
Ugell Law Firm, P.C.
SBU/dl

cc: Pradeep Thakur

# MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

COUNSELORS AT LAW

ONE COMMERCE PLAZA
SUITE 1705
ALBANY, NEW YORK 12260
518-465-5551
FACSIMILE: 518-465-2033

1300 CONNECTICUT AVENUE, N.W.
SUITE 600
WASHINGTON, DC 20036
202-955-6340
FACSIMILE: 202-223-0358

990 STEWART AVENUE, SUITE 300
P.O. BOX 9194
GARDEN CITY, NEW YORK 11530-9194
516-741-6565
FACSIMILE: 516-741-6706
E-MAIL: meyersuozzi@msek.com

1350 BROADWAY, SUITE 501
P.O. BOX 822
NEW YORK, NEW YORK 10018-0026
212-239-4999
FACSIMILE: 212-239-1311

JIL MAZER-MARINO
CHAPTER 7 TRUSTEE

September 25, 2013

**VIA E-MAIL (scott@ugelllaw.com)
and OVERNIGHT MAIL**

Scott B. Ugell
Ugell Law Firm, P.C.
24 South Main Street, Suite 100
New City, NY 10956-3541

Re:   In re Pradeep Thakur and Jenin C. Thakur (the "Debtors"), Case No. 10-23967

Dear Mr. Ugell:

I am the chapter 7 trustee in the above-referenced case. This letter is to advise you of the sale of 3 Herald Court, Valley Cottage, New York ("Premises") and to confirm the date by which the Debtors will vacate and surrender the Premises.

By way of background, on September 25, 2013, I filed and served my motion to sell the Premises. The motion has been served on you and on your clients by first class mail. An additional copy of the motion is enclosed with this letter.

A hearing on the motion is scheduled for November 15, 2013 at 10:00 a.m. Under the purchase contract, I am required to close on the sale of the Property fifteen days after entry of the order approving the sale. Accordingly, I anticipate that the closing will occur on or about November 29, 2013.

As you may know, I will require possession of the premises well prior to the closing to ensure that I can deliver possession of the premises and to ensure that the buyers will have the opportunity to inspect the premises.

Please provide me with a firm date (that is prior to November 15, 2013) by which the Debtors will vacate the premises and deliver possession of the Premises to me.

Scott B. Ugell
Ugell Law Firm, P.C.
September 25, 2103
Page 2


    All rights are reserved to take all actions that are necessary and appropriate should the Debtors fail to vacate the Premises, including but not limited to, obtaining a Bankruptcy Court order directing the United States Marshal to dispossess the Debtors from the Premises.

    Thank you for your prompt cooperation.

                                      Very truly yours,

                                      Jil Mazer-Marino

JMM:tw
Enc.

cc: Pradeep Thakur and Jennin C. Thakur

960772